## COMMONWEALTH *vs.* WILLIAM HARRISON.

On the trial of a complaint for keeping open a shop on the Lord's day, evidence is not ren-dered inadmissible for the Commonwealth by having been also introduced in support of an indictment against the defendant for unlawfully selling intoxicating liquors.

A shop is kept open on the Lord's day, within the Rev. Sts. c. 50, § 1, if all who please can obtain access thereto to buy, although the entrance is closed.

On the trial of a complaint for keeping open a shop on the Lord's day, the Commonwealth is not confined to the particular day named in the indictment.

On the trial of a complaint for keeping open a shop on the Lord's day, the judge instructed the jury that they must be satisfied that the acts alleged were done on the Lord's day; that it was for them to decide upon the whole evidence whether the acts were acts of necessity and charity; and that if there was a reasonable doubt in their minds on this point, they must acquit the defendant; but refused to instruct them that it was incum-bent on the government to show when the sun set on the day relied on. *Held,* that the defendant had no ground of exception.

DEWEY, J.    This is a complaint under the Rev. Sts. c. 50, § 1, prohibiting keeping open a shop on the Lord's day.

Upon the trial of the case a portion of the evidence offered to show that the defendant kept his shop open as alleged was the same that had been offered and relied upon to sustain an indictment previously tried, in which the same defendant was charged with illegal sales of liquors under the *St.* of 1855, c. 215

§ 15; and it was objected that such evidence was incompetent. But we see no reason for rejecting such evidence. The offence charged in the other indictment was entirely a distinct offence, and the fact that the liquor was sold without license on the Lord's day did not aggravate that offence or the punishment therefor.

The ruling of the court, that, though the outer entrances were closed, yet if the defendant permitted general access to his shop through the dwelling-house to any one that pleased to enter for the purposes of traffic, it would be a keeping open his shop within the statute, was correct.

The further rulings of the court and instructions to the jury, that the proof of the offence need not be confined to the particular day of the month alleged in the complaint; that they must be satisfied that the acts were done on the Lord's day; that it was for them to decide upon the whole evidence whether the acts were acts of necessity and charity; and that if there was a reasonable doubt in their minds upon the point, they should acquit the defendant; were also correct.

The prayer for an instruction that it was incumbent on the government to offer proof at what time the sun set on the day of the alleged offence was properly refused. There is nothing in the case to show that the evidence of the acts done was such as to require such particular minuteness of proof as to the precise time of sunset on that day, and the case was therefore properly left upon the general knowledge of the jury as to the time when the sun set on the day of the offence charged. As the burden was on the government, if that fact was left uncertain to such an extent as to render the proof of the offence doubtful, the defendant would have the benefit of such doubt and uncertainty. *Exceptions overruled.*

*W. S. Gardner,* (*T. H. Sweetser* with him,) for the defendant.
*S. H. Phillips,* (Attorney General,) for the Commonwealth.